IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA LEFTRIDGE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 4:12-cv-00318-SWW |
| vs. | * | |
| | * | |
| | * | |
| | * | |
| PULASKI COUNTY, | * | |
| ARKANSAS, and JOHN DOE(S), | * | |
| | * | |
| Defendants. | * | |

<u>OPINION AND ORDER</u>

Plaintiff Sandra Leftridge, the personal representative of the Estate of Jessie Edwards, claims the right to pursue a wrongful death action under Ark. Code Ann. § 16-62-102 and brings this action under 42 U.S.C. § 1983 against Defendant Pulaski County, an Arkansas political subdivision with jurisdiction and control over the Pulaski County Sheriff's Office and the Pulaski County Jail, and against Defendant(s) John Doe(s), individual(s) employed by Defendant Pulaski County. Leftridge seeks compensatory and punitive damages contending that Edwards's death by suicide on August 24, 2010, was caused by unconstitutional practices at the Pulaski County Regional Detention Facility ("PCRDF").

The matter is now before the Court on motion of Pulaski County to dismiss Leftridge's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [doc.#6]. Leftridge has responded in opposition to Pulaski County's motion to dismiss [doc.#8]. For the reasons that follow, the Court denies Pulaski County's motion to dismiss Leftridge's complaint.

I.

According to the complaint[1], Jessie Edwards appeared in Pulaski County Circuit Court, Second Division, on August 24, 2010, where the prosecutor observed that Edwards exhibited erratic behavior. Compl. ¶ 7. Edwards was administered a drug test, which she failed. Compl. ¶ 8. A bench warrant was issued for Edwards's arrest, but because Edwards voiced medical complaints, she was transported to a hospital before being taken to the PCRDF and booked. Compl. ¶¶ 9-11.

Leftridge claims that when Edwards arrived at the jail, staff knew or should have known that Edwards had been raped the prior year by a Pulaski County detention officer. Compl. ¶ 12. Edwards banged her head repeatedly into the wall, but this behavior was ignored. Compl. ¶ 13.

Edwards again tested positive for drugs and informed the staff that she was on depression medication. Compl. ¶ 14. Her medication allegedly was never administered. Compl. ¶ 14. Instead, Edwards was placed in a cell where she began to cry and thrash around. Compl. ¶ 15. Leftridge claims Edwards told the staff she needed to return to the hospital for mental health treatment, but the staff ignored the request and placed Edwards on administrative segregation. Compl. ¶¶ 15-16. The jail staff allegedly did not institute suicide measures. Compl. ¶ 16.

A short time later, Edwards continued to display erratic behavior by hollering and rolling on the ground and complaining of a seizure. Compl. ¶ 17. Leftridge claims that despite these signs of mental distress, the staff advised Edwards that she was fine and left her in her cell alone and unsupervised. Compl. ¶ 18. Less than an hour later, Edwards wrapped a bed sheet around her neck and committed suicide. Compl. ¶ 19.

---

[1] The Court accepts as true the factual allegations of the complaint for purposes of today's decision only.

II.

Pulaski County moves to dismiss Leftridge's complaint on grounds that Leftridge's claims against Pulaski County are implausible and factually deficient to demonstrate that the alleged warning signs of self-harm put Pulaski County on notice of a strong likelihood that Edwards would commit suicide.

A.

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the

complaint must be sufficient to nudge the claims across the line from conceivable to plausible. *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B.

1.

The Court first addresses Pulaski County's argument that Leftridge's claims against Pulaski County for its failure to properly train its employees are factually deficient. Pulaski County argues that Leftridge's allegations on their face do not sustain a claim of deliberate indifference to Edwards's potential for suicide and thus lack the requisite specificity to state a claim that is plausible on its face.

The legal inquiry for the deliberate indifference issue in inmate suicide cases is the same whether or not the jailers discover the decedent's suicidal tendencies: "whether the jailers were deliberately indifferent to the risk of suicide." *Rellergert v. Cape Girardeau County*, 924 F.2d 794, 796 (8th Cir. 1991). Pulaski County, as a municipality, is liable for the failure to prevent Edwards's suicide if "a constitutional violation has been committed pursuant to an official custom, policy, or practice." *Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006)(citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690-91 (1978)). The County cannot be held liable on the theory of respondeat superior; however, liability under § 1983 can be created where an alleged failure to train constitutes deliberate indifference to the rights of others. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir. 1998).

Here, Leftridge's complaint states several instances where Edwards's behavior could have put Pulaski County on notice that Edwards would harm herself. Leftridge alleges that "Edwards voiced medical complaints," "banged her head repeatedly into the wall," "thrash[ed] around," and "holler[ed] and roll[ed] on the ground...complaining of a seizure." Compl. ¶¶ 9-11, 13, 15, 17. The Court finds that Leftridge's allegations state a claim of deliberate indifference that is plausible on its face. *Twombly*, 550 U.S. at 570.

2.

Pulaski County argues that even if the claims against Pulaski County are factually sufficient, the complaint is implausible and has not established that an official custom, policy, or practice constitutes a "strong likelihood" of deliberate indifference to the rights of others.

Under Rule 12(b)(6), the issue is not whether Edwards's behavior put Pulaski County on sufficient notice, but rather whether Leftridge's allegations state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570.

Here, Leftridge's complaint states :

> "Defendant Pulaski County had a custom or practice of failing to train its employees to be observant of and act upon signs and indications of suicide in detainees. Defendant Pulaski County failed to implement training materials and programs related to recognizing and understanding patterns of mental illness and suicide. In particular, Defendant Pulaski County failed to train its employees to recognize the dangers and warning signs of suicide."

Compl. ¶ 29.

The Court finds that Leftridge sufficiently describes at this time what Pulaski County allegedly did through official custom, policy, or practice that caused and contributed to deliberate indifference to Edwards's suicide potential and that Leftridge's complaint against Pulaski County for its failure to properly train its employees thus states claims for relief that are

plausible on their face.  *Twombly*, 550 U.S. at 570.

### III.

For the foregoing reasons, the Court denies Pulaski County's motion to dismiss Leftridge's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [doc.#6].

IT IS SO ORDERED this 2nd  day of August 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE